IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| RICHARD W. CALDARONE, | ) | CIV. NO. 14-00523 LEK-BMK |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING PLAINTIFF'S MOTIONS TO REASSIGN CASE |
| vs. | ) ) | |
| GOVERNOR NEIL ABERCROMBIE, ET AL., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER DENYING PLAINTIFF'S MOTIONS TO REASSIGN CASE

Before the Court is Plaintiff Richard W. Caldarone's ("Plaintiff") Motions to Reassign Case ("Motions"). (Docs. 18, 37, 51.) Inasmuch as Plaintiff's Motions request that this case be assigned to another magistrate judge, the Court construes Plaintiff's Motions to Reassign Case as motions for recusal. These matters came on for hearing on February 9, 2015. (Doc. 53.) Plaintiff Richard W. Caldarone appeared pro se; appearing on behalf of Defendants were Robyn B. Chun and Mary Martin. (See Doc. 53.) After careful consideration of the Motions, and the arguments made at the hearing, the Court DENIES Plaintiff's Motions.

## BACKGROUND

Plaintiff filed four Motions to Reassign, seeking to have this case

reassigned from Magistrate Judge Barry M. Kurren to another magistrate judge. (Docs. 13, 18, 37, 51.) Plaintiff's Motions are based primarily on the assertion that Plaintiff "has filed a Complaint against Judge Kurren (Court of Appeals 9th District Court in San Francisco)" and "feels it is in the Court's best interest and his that Judge Kurren and himself not be placed in an uncomfortable position." (See, e.g., Doc. 37 at 1.)

The complaint Plaintiff allegedly filed against me appears to stem from an order issued by I issued in a related case previously brought by Plaintiff. See Caldarone v. Joe Otting, CEO, One West Bank, et al., Civ. No. 13-00516 DKW-BMK. In that case, Plaintiff requested that the Court "dismiss" Judge Kurren on the grounds he is "incapable of impartial judgment." (See Civ. No. 13-00516 DKW-BMK, Doc. 82 at 2, Doc. 71.) Plaintiff's request was entirely premised upon his disagreement with my Order Denying Plaintiff's Ex Parte Motion to Serve by Publication. (See Civ. No. 13-516 DKW-BMK, Docs. 63, 71, 82.) Specifically, Plaintiff asserted that the Court's denial of his ex parte motion constituted obstruction of justice, perjury to my oath of office, and "treason to the Constitution." (See generally, Civ. No. 13-516 DKW-BMK, Doc. 71.) Here, Plaintiff's Motions are similarly based on my Order denying Plaintiff's Ex Parte Motion to Serve by Publication in Caldarone v. Otting, et al., Civ. No. 13-00516 DKW-BMK.

2

# **STANDARD**

Recusal is governed by 28 U.S.C. §§ 144 and 455. Under § 144, a judge must recuse himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The standard for recusal under 28 U.S.C. § 144 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (citations omitted).

Under § 455(a) "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The alleged prejudice must result from an extrajudicial source, "a judge's prior adverse ruling is not sufficient cause for recusal." Studley, 783 F.2d at 939 (citing Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984)); see also United States v. Frias-Ramirez, 670 F.2d 849, 853 n.6 (9th Cir. 1982), cert. denied, 459 U.S. 842 (1982) ("Parties cannot attack a judge's impartiality on the basis of information and beliefs acquired while acting in his or her judicial capacity."). "28 U.S.C. § 455 requires recusal where a judge's impartiality might reasonably be questioned or where he has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts

concerning the proceeding." Hanson v. Palehua Cmty. Ass'n, Civ. No. 12-00616 JMS-RLP, 2013 WL 1187948 (D. Haw. Mar. 20, 2013).

## DISCUSSION

On February 9, 2015, in support of the various Motions to Reassign Case, Plaintiff filed an Affidavit requesting that his case be reassigned to another Magistrate Judge. (Doc. 54.) In his Affidavit, Plaintiff maintains that I am "incapable of impartial judgment." (Doc. 54 at 1.) Plaintiff previously requested that the Court "dismiss" me on identical grounds in Caldarone v. Otting, et al., Civ. No. 13-00516 DKW-BMK. In that case, as is here, Plaintiff's request was entirely premised upon his disagreement with the Court's Order Denying Plaintiff's Ex Parte Motion to Serve by Publication. (See Civ. No. 13-00516 DKW-BMK, Doc. 63 at 2.)

With regard to recusal under § 144, Plaintiff's Affidavit fails to allege any facts that would convince a reasonable person that bias actually exists. See Studley, 783 F.2d at 939. With regard to recusal under § 455, Plaintiff's Motions are entirely based on his disagreement with my prior ruling in Plaintiff's previous case. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994); Studley, 783 F.2d at 939. Rather, a moving party must usually present evidence of bias arising from extrajudicial sources demonstrating "a deep-seated favoritism or

4

antagonism that would make fair judgment impossible." Pesnell v. Arsenault, 543 F.3d 1038, 1044 (9th Cir. 2008); see also Studley, 783 F.2d at 939 ("alleged prejudice must result from an extrajudicial source"); Deems v. C.I.R., 426 Fed. Appx. 839, 843 (11th Cir. 2011) (stating that disqualification "may not be predicated on the judge's rulings in the instant case or in related cases") (citation omitted). Moreover, adverse rulings do not constitute pervasive bias. See Hamm v. Members of the Bd. of Regents of the State of Fla., 708 F.2d 647, 651 (11th Cir. 1983). Plaintiff has failed to put forth any evidence raising doubts as to my impartiality, and Plaintiff has failed to present any evidence of bias beyond this Court's previous Order Denying Plaintiff's Ex Parte Motion to Serve by Publication in Caldarone v. Otting, et al., Civ. No. 13-00516 DKW-BMK. Accordingly, Plaintiff has failed to establish that recusal or reassignment in this case is warranted.

\\

\\

\\

\\

\\

\\

\\

## **CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Plaintiff's Motions to Reassign Case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 11, 2015.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Caldarone v. Governor Neil Abercrombie, et al., Civ. No. 14-00523 LEK-BMK, ORDER DENYING PLAINTIFF'S MOTIONS TO REASSIGN CASE.