IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

RICHARD W. CALDARONE,               )        CIVIL 14-00523 LEK-BMK
                                    )
          Plaintiff,                )
                                    )
     vs.                            )
                                    )
GOVERNOR NEIL ABERCROMBIE, ET )
AL.,                                )
                                    )
          Defendants.               )
_____ )

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS GERALD
CLAY AND ROBERT CHAPMAN'S RENEWED MOTION TO DISMISS AND/OR FOR
SUMMARY JUDGMENT; AND GRANTING DEFENDANTS THE HONORABLE NEIL
ABERCROMBIE, KEALII LOPEZ, FORMER DIRECTOR, DEPARTMENT OF
COMMERCE & CONSUMER AFFAIRS, AND THE HONORABLE RONALD IBARRA'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE**

          Before the Court are: (1) Defendants Gerald Clay

("Clay") and Robert Chapman's ("Chapman," collectively "Clay

Chapman Defendants") Renewed Motion to Dismiss and/or for Summary

Judgment, filed February 3, 2015 ("Clay Chapman Motion"); and

(2) Defendants the Honorable Neil Abercrombie ("Governor

Abercrombie"), Kealii Lopez, Former Director, Department of

Commerce & Consumer Affairs ("Director Lopez"), and the Honorable

Ronald Ibarra's ("Judge Ibarra," collectively "State Defendants")

Motion to Dismiss First Amended Complaint with Prejudice, filed

February 13, 2015 ("State Motion," collectively "Motions").

[Dkt. nos. 49, 56.]  On March 19, 2015, pro se Plaintiff Richard

W. Caldarone ("Plaintiff" or "Caldarone") filed his "Motion to

NOT DISMISS for lack of Jurisdiction and Summary Judgment," which

this Court construes as his memorandum in opposition to the Motions. [Dkt. no. 67.] On April 1, 2015, the Clay Chapman Defendants filed their reply and, on April 2, 2015, the State Defendants filed their reply. [Dkt. Nos. 68, 69.] The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motions, supporting and opposing memoranda, and the relevant legal authority, the Clay Chapman Motion is HEREBY GRANTED IN PART AND DENIED IN PART, and the State Motion is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

On November 18, 2014, Plaintiff filed his complaint against the Clay Chapman Defendants, the State Defendants, and Defendant David Louie, Attorney General ("Attorney General Louie") and, in January 2015, both the Clay Chapman Defendants and the State Defendants filed motions to dismiss. [Dkt. nos. 1, 23, 32.] However, later that month, on January 20, 2015, Plaintiff filed a document, which the Court construed as Plaintiff's First Amended Complaint. [Dkt. nos. 35 (First Amended Complaint), 36 (Entering Order ("EO"), filed 1/23/15 ("1/23/15 EO")).] As a result of the filing of the First Amended Complaint, this Court treats the original complaint as "non-

2

existent." [1/23/15 EO at 2 (citing <u>Cano v. Taylor</u>, 739 F.3d 1214, 1220 (9th Cir. 2014)).] That is, since he chose to file an updated complaint, the claims in the First Amended Complaint are the ones that the defendants must defend against. For that reason, the Court found that the original motions to dismiss were moot, [<u>id.</u>,] as were Plaintiff's responses to those motions [dkt. nos. 38 (filed 1/26/15), 39 (filed 1/26/15) 41 (EO, filed 1/29/15) (denying responses as moot)]. Neither party prevailed or suffered an adverse consequence from those motions; it is as if none of the documents were ever filed.

Since he filed his First Amended Complaint, however, both the Clay Chapman Defendants and the State Defendants have filed new motions to dismiss.[1] Further, in their Motions, they request that this Court dismiss with prejudice the First Amended Complain, meaning that Plaintiff may not amend his complaint again because doing so would be futile based on the law, and the facts as Plaintiff has presented them.

At the outset, the Court notes that it must interpret the First Amended Complaint liberally since Plaintiff is not currently represented by counsel. This Court must "construe pro

---

[1] It is not clear why the State Defendants have not filed either of their motions on behalf of Attorney General Louie. The State Defendants are clearly aware that he was named in this case. <u>See e.g.</u>, Mem. in Supp. of State Motion at 1 n.2. This is of no moment since the Eleventh Amendment, which is the grounds for dismissal for the State Defendants, <u>see</u> <i>infra</i> Discussion Section I.B., applies equally to him.

se complaints liberally and may only dismiss a pro se complaint for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citation and internal quotation marks omitted). However, normal court rules and procedures still apply to Plaintiff. See Solis v. McKessen, 465 F. App'x 709, 710 (9th Cir. 2012) ("'Pro se litigants must follow the same rules of procedure that govern other litigants.'" (quoting King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987))).

## I.   **Nature of the Case**

From what the Court gathers from the filings by the various parties, this case relates to a foreclosure action brought against Plaintiff by his lender, Onewest Bank, FSB ("Onewest"), filed March 21, 2013 in the Circuit Court of the Third Circuit, State of Hawai`i ("the Foreclosure Action"). See, e.g., First Amended Complaint at pg. 4 (Jurisdiction section (referring to "Case No. 13-1-235 K"));[2] Mem. in Supp. of Clay Chapman Motion, Clay Chapman Defs.' Separate Concise Statement of Facts ("Clay Chapman CSOF"), filed 2/3/15 (dkt. no. 49-2), Decl. of Counsel ("Martin Decl."), Exh. A (Onewest Bank, FSB, v.

---

[2] Since none of Plaintiff's filings have page numbers, the Court refers to the page numbers generated by the district court's electronic filing system.  Where Plaintiff includes paragraph numbers, the Court includes those too.

Caldarone et al., Civil No. 13-1-235K (Foreclosure), Order
Granting Plaintiff's Motion to Dismiss Without Prejudice
Plaintiff's Complaint Filed March 21, 2013 as to All Claims and
Parties and to Cancel Trial Date, Filed on October 17, 2014
("Foreclosure Dismissal Order")).

Most of Plaintiff's claims in the First Amended
Complaint appear to stem from his negative feelings about the
Foreclosure Action, which Judge Ibarra dismissed on November 21,
2014, just days after Plaintiff first initiated the instant case
before this Court and two months before he filed his First
Amended Complaint. [Foreclosure Dismissal Order at 2.] Counsel
for the Clay Chapman Defendants further attests that no
foreclosure action is pending related to Plaintiff's property, as
far as she knows. [Martin Decl. at ¶ 6.] Plaintiff does not
argue in his memorandum in opposition to the Motions, or anywhere
else, that he is presently subject to any foreclosure action.

On October 4, 2013, while the Foreclosure Action was
still pending, Plaintiff initiated another lawsuit in this
district court, Calderone v. Otting et al., CV 13-00516 DKW-BMK
("Otting"), against the institutions and individuals involved in
making the loan at issue ("Loan") in the Foreclosure Action,
including their counsel. On September 22, 2014, another judge in
this district court dismissed the case with prejudice, in part,
because the court found it did not have jurisdiction over the

lawsuit.  [Otting, dkt. no. 89 ("Otting Dismissal Order") at 4-9.]  Plaintiff is currently pursuing his appeal of that dismissal before the Ninth Circuit Court of Appeals.  See, e.g., Otting, dkt. no. 100 (Ninth Circuit scheduling order, issued 1/14/15).

In this second-wave litigation, Plaintiff brings suit against individuals that he did not sue in Otting, and whose relationship to the mortgage and foreclosure is more attenuated. The Court interprets the claims in the First Amended Complaint as: a general state law tort claim, in the nature of invasion of privacy or civil harassment, against numerous non-parties and "Clay Chapman" ("Count I"); a constitutional due process claim, in the nature of a 28 U.S.C. § 1983 claim, against the State Defendants for aiding and abetting the lenders and foreclosing entities in their purported fraud and predatory lending scheme ("Count II"); and intentional infliction of emotional distress against the State Defendants for ruling against him in the Foreclosure Action ("Count III").  The First Amended Complaint seeks the following relief: general damages; special damages amounting to approximately $106,460.00; "damages for intentional infliction of emotional distress" in an amount of $125,000,000.00; punitive damages of $125,000,000; attorneys' fees and costs, and interest; and all other appropriate relief.[3]

_____

[3] In this Order, the Court maintains the spelling, capitalization, emphases, and paragraph structuring from the
(continued...)

6

[First Amended Complaint at pgs. 7-8 (emphasis omitted).]
Notably, Plaintiff does not include any request for injunctive
relief.

## II.   <u>Allegations Against the State Defendants</u>

Plaintiff alleges that, on July 22, 2012, he and his
organization, Alliance Against Foreclosure, sent Governor
Abercrombie a letter.  [First Amended Complaint at 2 at ¶ 3
(referring to letter attached with original complaint (dkt. no.
1-1)).]  In it, he requested that the governor, "**'Stop All
Foreclosures and examine Banking practices**[,]'" and he enclosed a
petition with twenty pages of signatures, asking the State to
require banks to produce the original promissary note to
foreclose on a mortgage.  [<u>Id.</u>]  On April 15, 2013, Governor
Abercrombie sent Plaintiff a response, thanking Plaintiff and
notifying him that the petition had been forwarded to the
Department of Commerce and Consumer Affairs ("DCCA") for follow-
up.  [<u>Id.</u> at ¶ 4 (referring to letter (dkt. no. 1-2 at 1).]
Director Lopez responded by letter to Plaintiff on April 26,
2013, acknowledging Plaintiff's concerns, but explaining that
there was currently no law requiring "showing the 'Original Wet
ink Promissory Note' to Foreclose."  [<u>Id.</u> at ¶¶ 5-7 (referring to
letter (dkt. no. 1-2 at 2-4)).]  Director Lopez also suggested in

---

[3](...continued)
First Amended Complaint, except where specifically noted.

his letter that Plaintiff might consider pursuing legislation. [Id. at ¶ 8.]  Plaintiff did not appreciate these responses and alleges:

> 9. Plaintiff Caldarone would like to reiterate that if Abercrombie is so **'concerned about injustice'** as stated in [his letter] then why did Abercrombie allow the State of Hawaii to continue **to harass Caldarone, his family etc.**
> By allowing **One West Bank/Ocwen** to pursue him for a **'Trial'** in State Court?
>
> . . . .
>
> 12. Hinged to this 'Gross Negligence' [against the lenders] is **the additional 'Gross Negligence' of the State of Hawaii** for not checking the Records to see if Caldarone was qualified for the Loan. Instead, the State of Hawaii automatically assumed Caldarone was 'guilty' of wrong doing.
>
> 13. Plaintiff Caldarone questions why the DCCA (Which Defendant Lopez is the director of) has **'no responsibility'** in over seeing the actions of Mortgage Brokers approved by the State of Hawaii.

[Id. at pg. 3 (brackets added).]  Further, in Count II, Plaintiff alleges:

> **4. The State of Hawaii with the Defendants involved has conspired** to deny Caldarone his rights as outlined in the Constitution and as such has orchestrated a **'lynch mob mentality'** not only against the Plaintiff **but also against the citizens of the State of Hawaii!**"
>
> **5.** And as such, **the State of Hawaii has Aided and Abetted the Predatory Lending of the Mortgage Broker** (Kurt Nielsen-former CEO of Island Home Capital), **Aided and Abetted the Fraud of the Bank** (One West/IndyMac), **Elder abuse, Void of Due Process, Breach of Contract** etc."

[Id. at pg. 6.]

Regarding Judge Ibarra, Plaintiff alleges, in his section titled "Jurisdiction," the following:

> Ibarra Dismissed the Case but allowed One West Bank to continue to sue Caldarone for a **'Trial'**. In a letter (**dated Nov. 3 to Judge Strance**) Caldarone question why he wasn't being given a **'Jury Trial'** under **the Bill of Rights.** Caldarone also questioned why One West was allowed to continue to sue (after the Case was Dismissed by Ibarra) a half year before. **After one year of selling the Servicing rights to Ocwen, One West was still allowed to sue Caldarone.** Judge Ibarra not only **'perjured his Oath of Office'** but has also shown he is **'incapable of impartial judgment'.** . . . **Because of the numerous Due Process violations, the Claims against the Plaintiff by and through the Perjury of Ibarra's Oath, have made the Court Constitutionally Defective and without Lawful Jurisiction!** Therefore, Caldarone's **Case in State Court should be immediately Dismissed with Prejudice!** . . . The Plaintiff strenuously objects to the **Unconstitutional and on going actions** of Ibarra whose rulings are 'null and void and have no force of law!'

[Id. at pgs. 4-5.]  He also generally alleges in "Count III" that: "All of the Defendants have **'perjured their Oath of Office'.**"  [Id. at pg. 7 ¶ 2.]

In essence, as to Governor Abercrombie and Director Lopez, Plaintiff alleges that they violated their oaths of office by not changing the law as a result of his petition, and aided and abetted the bank and mortgagee in permitting the Loan and the Foreclosure Action.  As to Judge Ibarra, Plaintiff alleges the judge violated his due process rights under the constitution and intentionally caused Plaintiff emotional distress in ruling, in

part, against him.

## III. __Allegations Against the Clay Chapman Defendants__

The sole mention of Clay or Chapman is in Count I:

**3.** As a further direct and proximate result of such unlawful conduct, Plaintiff has suffered the **indignity of __harassment__ (R.C.O-Routh, Crabtree, Olsen/Clay Chapman and also Ocwen)** through **__phone calls__ and __Summons__. Invasion of Privacy (trespassing) by __humiliation__** (of the above Co.'s) which caused **__great emotional distress.__**

[__Id.__ at pg. 5 ¶ 3.] It appears that Plaintiff is bringing a state law claim against the Clay Chapman Defendants for purportedly harassing him in the foreclosure process.

## __DISCUSSION__

In the Motions, the Defendants move to dismiss all claims with prejudice. [State Motion at 2; Clay Chapman Motion at 2.] The Clay Chapman Defendants further request an award of sanctions against Plaintiff "for this vexatious litigation." [Mem. in Supp. of Clay Chapman Motion at 7.]

## I. __The State Motion__

The State Defendants argue that the First Amended Complaint should be dismissed as to them because: (1) the Court lacks jurisdiction pursuant to the __Rooker-Feldman__ doctrine;[4] (2) Plaintiff's claims are for damages and thus barred

---

[4] "The __Rooker-Feldman__ doctrine provides that federal district courts lack jurisdiction to exercise appellate review over final state court judgments." __Henrichs v. Valley View Dev.,__
(continued...)

10

by the Eleventh Amendment to the United States Constitution; and
(3) the claims against Judge Ibarra are barred by absolute
judicial immunity.

### A.   Claims against Judge Ibarra

The Court agrees with the State Defendants that
Plaintiff's claims against Judge Ibarra are absolutely barred by
judicial immunity and, even if they were not, the Rooker-Feldman
doctrine divests this Court of jurisdiction as to these claims.

"Judicial immunity is recognized because 'judges should
be at liberty to exercise their functions with independence and
without fear of consequences,' Pierson v. Ray, 386 U.S. 547, 554
(1967), 'from vexatious actions prosecuted by disgruntled
litigants.' Forrester v. White, 484 U.S. 219, 225 (1988)."
Oliver v. Long, No. CV-06-2429-PCT-LOA, 2007 WL 1098527, at *4
(D. Ariz. Apr. 12, 2007).  "'A judge will not be deprived of
immunity because the action he took was in error, was done
maliciously, or was in excess of his authority; rather, he will
be subject to liability only when he has acted in the clear
absence of all jurisdiction.'" Ramirez v. Pasternak, 408 F.
App'x 55, 55-56 (9th Cir. 2011) (some citations and internal

---

[4](...continued)
474 F.3d 609, 613 (9th Cir. 2007) (some citations omitted)
(citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.
Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of
Appeals v. Feldman, 460 U.S. 462, 482-86, 103 S. Ct. 1303, 75 L.
Ed. 2d 206 (1983)).

quotation marks omitted) (quoting <u>Stump v. Sparkman</u>, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978)).[5]

All of Plaintiff's allegations against Judge Ibarra relate to his decisions in the Foreclosure Action. <u>See</u> *supra* Background Section II. Plaintiff does not challenge, nor can he, Judge Ibarra's jurisdiction to consider that case. Judge Ibarra had jurisdiction pursuant to state law. <u>See</u> Haw. Rev. Stat. § 603-21.7(a)(3) (giving jurisdiction to state circuit courts for, among other things, "foreclosure of mortgages"). Thus, the Court CONCLUDES that Plaintiff's claims fall squarely within absolute judicial immunity, and GRANTS the State Motion as to Judge Ibarra. Therefore, the Court DISMISSES WITH PREJUDICE all claims against Judge Ibarra. <u>See, e.g.</u>, <u>Heilman v. Sanchez</u>, 583 F. App'x 837, 839-40 (9th Cir. 2014) (holding that "the district court did not abuse its discretion by refusing to grant leave to amend because those aspects of the complaint could not be cured by amendment" (citing <u>Weilburg v. Shapiro</u>, 488 F.3d 1202, 1205 (9th Cir. 2007))).

Even if he was not protected by judicial immunity, the <u>Rooker-Feldman</u> doctrine divests the Court of its jurisdiction over these claims. "Essentially, the doctrine bars 'state-court losers complaining of injuries caused by state-court judgments

<hr />

[5] The citations and excerpts that Plaintiff attaches to his memorandum in opposition are consistent with the law herein stated, but do not apply here factually. [Dkt. no. 67-2.]

rendered before the district court proceedings commenced' from asking district courts to review and reject those judgments." Henrichs, 474 F.3d at 613 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)). "[T]his doctrine applies even where the challenge to the state court decision involves federal constitutional issues." Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001) (citation omitted).

Plaintiff points out that he did not "lose" in state court. [Mem. in Opp. at 2.] However, as the Ninth Circuit has explained, Rooker-Feldman applies more broadly than simply to barring the "losing" party: "the clearest case for dismissal based on the Rooker-Feldman doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (citation, internal quotation marks, and brackets omitted). Although Plaintiff seeks damages and not injunctive relief, he essentially asserts redress for a legal wrong by Judge Ibarra – the decision to continue the Foreclosure Action – which purportedly led to Plaintiff's emotional distress.[6] As the State Defendants argue, see Mem. in

---

[6] To the extent he requests dismissal of the Foreclosure Action, that claim is moot as well.

Supp. of State Motion at 8, if Plaintiff did not agree with Judge

Ibarra's decisions, his proper recourse was to pursue an appeal

in state court.  Plaintiff is familiar with filing an appeal

since he has done so in <u>Otting</u>.  Thus, even without judicial

immunity, the claims against Judge Ibarra are barred by the

<u>Rooker-Feldman</u> doctrine.

### B.    **Claims against Governor Abercrombie and Director Lopez**

Similar to Judge Ibarra, immunity bars Plaintiff's

claims against Governor Abercrombie and Director Lopez.  The

Eleventh Amendment provides:  "The Judicial power of the United

States shall not be construed to extend to any suit in law or

equity, commenced or prosecuted against one of the United States

by Citizens of another State, or by Citizens or Subjects of any

Foreign State."  That is, unless the state agrees to be sued, a

federal court cannot entertain a suit against it.  <u>See, e.g.,</u>

<u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100

(1984) ("[A]n unconsenting State is immune from suits brought in

federal courts by her own citizens as well as by citizens of

another state." (citation and internal quotation marks omitted)).

"Furthermore, a suit against a state official acting in his or

her official capacity is considered a suit against that

official's office and is thus 'no different from a suit against

the State itself.'"  <u>Elmatboly v. Arizona State Univ.</u>, 297 F.

App'x 654, 655 (9th Cir. 2008) (quoting <u>Will v. Mich. Dep't. of</u>

State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)). Thus, the United States Supreme Court has recognized that Eleventh Amendment immunity extends to state officials, such as Governor Abercrombie and Director Lopez, when they are sued for doing something within the confines of their jobs.

Here, Plaintiff argues that Governor Abercrombie and Director Lopez violated his rights by refusing to change the law based on his petition, and by allowing him to enter a loan that he could not afford. As a result, Plaintiff alleges that they owe him damages. Since these claims are for acts taken pursuant to official duties, and are for damages, the Eleventh Amendment clearly bars them.[7] While Plaintiff argues that Governor Abercrombie and Director Lopez violated his constitutional (and other) rights, it would violate the Constitution for this Court to allow him to proceed in this case against Governor Abercrombie and Director Lopez. Since "plaintiff can prove no set of facts in support of his claim which would entitle him to relief," Rotman, 680 F.3d at 1121, the Court GRANTS the State Motion and DISMISSES WITH PREJUDICE Plaintiff's claims against Governor

---

[7] The Court agrees with the State Defendants that Plaintiff's citation to summaries of the dissent from Alden v. Maine, 527 U.S. 706, 760-812 (1999) (Souter, J., dissenting), and Ex Parte Young, 209 U.S. 123 (1908), see dkt. no. 67-1, do not support Plaintiff. See State Defendants Reply at 5.

Abercrombie and Director Lopez.[8]  Further, since the Eleventh
Amendment applies equally to Attorney General Louie, the Court
DISMISSES WITH PREJUDICE the claims against him as well.

## II.  **The Clay Chapman Motion**

The Clay Chapman Defendants argue that dismissal of the
First Amended Complaint is warranted because Plaintiff provides
no basis for jurisdiction as to the claim against them.  The
Court agrees that it does not have jurisdiction to entertain the
claim against the Clay Chapman Defendants.  Since the only
allegation relating to Clay or Chapman is in Count I, the Court
considers only that claim as to those defendants.[9]

--------

[8] Though it need not reach the issue, the Court also notes
that the Rooker-Feldman doctrine might cover some, if not all, of
Plaintiff's claims against Governor Abercrombie and Director
Lopez since they were related to issues before the state court in
the Foreclosure Action.  See supra Discussion Section I.B.

[9] The Clay Chapman Defendants also argue that summary
judgment is warranted because the sole allegation against them is
that they harassed Plaintiff by calling him and sending him
summonses, but the issue is moot.  [Mem. in Supp. of Clay Chapman
Motion at 6-7.]  Their counsel attests that their only
involvement in the Foreclosure Action was to attempt to negotiate
a stipulation for dismissal with Plaintiff's former counsel, and
that they then filed the motion, which ultimately dismissed the
case.  [Martin Decl. at ¶¶ 3-4.]  They reason that Plaintiff
cannot have a claim against them because all they did was help
him.  Be that as it may, there is insufficient evidence in the
record – in part because of the thin allegations against Clay and
Chapman – to determine whether, in the light most favorable to
Plaintiff, there is a genuine issue of material fact as to
whether the Clay Chapman Defendants harassed him or invaded his
privacy.  See Grenning v. Miller-Stout, 739 F.3d 1235, 1238 (9th
Cir. 2014) ("Summary judgment is appropriate when, with the
evidence viewed in the light most favorable to the non-moving
(continued...)

As the district court explained in the <u>Otting</u> dismissal order, this Court is a court of limited jurisdiction.  <u>See</u> <u>Otting</u> Dismissal Order at 4 (citing <u>United States v. Marks</u>, 530 F.3d 799, 810 (9th Cir. 2008)).  Thus, for this Court to hear Plaintiff's case, Plaintiff must show that he is asking this Court to resolve an issue of federal law, or there is diversity of citizenship between himself, and Clay and Chapman.[10]  <u>See</u> 28 U.S.C. §§ 1331 (granting jurisdiction to district court for "all civil actions arising under the Constitution, laws, or treaties of the United States"), 1332(a)(1) (granting jurisdiction for "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States").  Plaintiff has not made this showing.

First, Count I is clearly a state law claim insofar as Plaintiff mentions neither the constitution nor any federal statute and the claims are all in the nature of state law claims.

[9](...continued)
party, there are no genuine issues of material fact, so that the moving party is entitled to a judgment as a matter of law." (citation and internal quotation marks omitted)).

[10] There is a third potential basis for jurisdiction.  Where there are some federal claims at issue, the Court may also exercise jurisdiction over state law claims that "form part of the same case or controversy," that is, where the claim arises from the same set of facts.  <u>See</u> 28 U.S.C. § 1367(a).  But where, as here, "the district court has dismissed all claims over which it has original jurisdiction," a court may decline supplemental jurisdiction.  <u>See</u> 28 U.S.C. § 1367(c)(3).

[First Amended Complaint at pg. 5, ¶ 3.]  He mentions

"harassment," "invasion of privacy," and "trespassing," which are

all common law tort claims or, at best, state statutory claims.

[Id.]

Second, he does not make any claim to diversity of

citizenship, and the Court doubts that diversity exists.

Plaintiff alleges that he is a "citizen of the State of Hawaii,"

[id. at pg. 2, ¶ 1,] but makes no allegation as to the Clay

Chapman Defendants.  The Clay Chapman Defendants, for their part,

argue that they are residents and citizens of Hawai`i, [Mem. in

Supp. of Clay Chapman Defendants at 6,] and the Court has no

reason to doubt that assertion, particularly since their firm is

located in Honolulu.

Since this Court has no basis for jurisdiction over the

claims against the Clay Chapman Defendants, the Court GRANTS

their motion, and DISMISSES the First Amended Complaint as to

them.  The dismissal, however, is WITHOUT PREJUDICE.  See Akhtar

v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court

should not dismiss a pro se complaint without leave to amend

unless it is absolutely clear that the deficiencies of the

complaint could not be cured by amendment." (citation and

internal quotation marks omitted)).  Conceivably, Plaintiff could

amend his claims to state a claim against the Clay Chapman

Defendants, over which this Court would have jurisdiction.  But

to do so, he must allege enough facts to clearly show what he is claiming, and that the Clay Chapman Defendants violated his rights under the federal constitution or federal law.  Further, he must do more than simply allege that his constitutional rights were violated.  See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief).

    To the extent that the Clay Chapman Motion seeks sanctions, it is DENIED.  While the claim may ultimately prove to be frivolous, the Clay Chapman Defendants have made an insufficient showing at this time.  If they so choose, they may bring a separate motion showing their entitlement to the requested fees at the appropriate time.

**CONCLUSION**

    On the basis of the foregoing, Defendants the Honorable Neil Abercrombie, Kealii Lopez, Former Director, Department of Commerce & Consumer Affairs, and the Honorable Ronald Ibarra's Motion to Dismiss First Amended Complaint with Prejudice, filed February 13, 2015, is HEREBY GRANTED in its entirety.  Pro se Plaintiff Richard W. Caldarone's First Amended Complaint is HEREBY DISMISSED WITH PREJUDICE as to Defendants Governor Abercrombie, Director Lopez, and Attorney General Louie.  The Court DIRECTS the Clerk of Court to terminate them as parties.

Defendants Gerald Clay and Robert Chapman's Renewed Motion to Dismiss and/or for Summary Judgment, filed February 3, 2015, is HEREBY GRANTED IN PART AND DENIED IN PART. It is DENIED insofar as it requests dismissal with prejudice and sanctions against Plaintiff. It is GRANTED in all other respects. Therefore, Plaintiff's First Amended Complaint is HEREBY DISMISSED WITHOUT PREJUDICE as to Defendants Clay and Chapman. Plaintiff shall have until **June 1, 2015** to move the Court to file his second amended complaint, if he so chooses. The Court emphasizes that Plaintiff may not add new parties, claims or theories of liability, unless those additions are specifically requested in the motion. The Court CAUTIONS Plaintiff that if he does not make a motion to amend by **June 1, 2015**, the Court will DIRECT the Clerk's Office to close this case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, APRIL 30, 2015



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CALDERONE V. ABERCROMBIE; CIVIL 14-00523 LEK-BMK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS GERALD CLAY AND ROBERT CHAPMAN'S RENEWED MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT; AND GRANTING DEFENDANTS THE HONORABLE NEIL ABERCROMBIE, KEALII**

**LOPEZ, FORMER DIRECTOR, DEPARTMENT OF COMMERCE & CONSUMER AFFAIRS, AND THE HONORABLE RONALD IBARRA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE**