IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICHARD W. CALDARONE, | ) | CIVIL NO. 14-00523 LEK-BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF |
| | ) | RICHARD W. CALDARONE'S |
| vs. | ) | "MOTION TO SEEK RELIEF |
| | ) | FROM JUDGE LESLIE |
| GOV. NEIL ABERCROMBIE; | ) | KOBAYASHI'S MOTIONS TO |
| DAVID LOUIE; KEALII LOPEZ; | ) | TERMINATE, DENY, MOOT, ETC. |
| GERARD CLAY; ROBERT | ) | AND HER REQUESTS TO NOT |
| CHAPMAN; JUDGE RON | ) | DISQUALIFY HERSELF" |
| IBARRA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DENYING PLAINTIFF RICHARD W. CALDARONE'S "MOTION TO SEEK RELIEF FROM JUDGE LESLIE KOBAYASHI'S MOTIONS TO TERMINATE, DENY, MOOT, ETC. AND HER REQUESTS TO NOT DISQUALIFY HERSELF"

Plaintiff Richard Caldarone has filed a motion with the title "Motion To

Seek Relief from Judge Leslie Kobayashi's Motions To Terminate, Deny, Moot,

Etc. and Her Requests To Not Disqualify Herself."  This motion is either a new

motion seeking the disqualification of Judge Leslie Kobayashi or a motion for

reconsideration of Judge Kobayashi's denial of an earlier disqualification motion.

Whether Caldarone intends his motion to be a new disqualification request or a

reconsideration request, or both, the court now denies his most recent motion.

Caldarone's motion includes an affidavit, which appears to have been duly notarized. The court therefore treats this motion as brought under 28 U.S.C. § 144, which requires that, when a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

Caldarone's affidavit consists of nothing more than allegations that Judge Kobayashi is biased because she has repeatedly ruled against him. Disqualification under § 144 is required when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997). Disqualification is not required just because a judge forms a negative opinion of a party during ongoing proceedings. United States v. Frias-Ramirez, 670 F.2d 849, 853 N.6 (9th Cir. 1982). In fact, the United States Supreme Court has made it clear that remarks that are disapproving of or even hostile to a party will not ordinarily be sufficient to support a bias or partiality challenge. Liteky v. United States, 510 U.S. 540, 555 (1994). Instead, a judge must display a deep-seated favoritism or antagonism that would make fair judgment impossible. Id.

Here, Caldarone points to no actually disapproving or hostile remarks by Judge Kobayashi. He identifies no negative opinion she has of him. Instead, he concludes that she must be biased solely because she has not granted his motions. But a "judge's prior adverse ruling is not sufficient cause for recusal." Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 712 (9th Cir. 1993). If adverse rulings were sufficient for disqualification, then no case could ever conclude, as every unsuccessful litigant would seek disqualification, and an endless round of judges could conceivably be assigned to and then disqualified from the case if those judges similarly ruled against the same party. This would allow an unsuccessful to control the use of judicial resources.

Even if Judge Kobayashi's prior rulings turn out to be deemed incorrect by a higher court, that would not, absent egregious conduct by her, require her removal from Caldarone's case. See United States v. McTiernan, 695 F.3d 882, 893 (9th Cir. 2012) ("Although this court concluded that Judge Fischer erred in her September 25, 2007 decision, her doesn't-even-come-close comment was not so egregious as to require her removal from this case."). The only purportedly egregious conduct Caldarone points to are Judge Kobayashi's rulings in his case.

Given these circumstances and the applicable law, the court denies Caldarone's "Motion To Seek Relief."

3

APPROVED AND SO ORDERED.

DATED: Honolulu, Hawaii, May 8, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Richard W. Caldarone v. Gov. Neil Abercrombie, et al.; CIVIL NO. 14-00523
LEK-BMK
ORDER DENYING PLAINTIFF RICHARD W. CALDARONE'S "MOTION TO
SEEK RELIEF FROM JUDGE LESLIE KOBAYASHI'S MOTIONS TO
TERMINATE, DENY, MOOT, ETC. AND HER REQUESTS TO NOT
DISQUALIFY HERSELF"